648

**WEYERHAEUSER COMPANY, Plaintiff,**

v.

**ACCURATE RECYCLING CORP., Defendant.**

**No. C06–922MJP.**

United States District Court, W.D. Washington.

Aug. 31, 2007.

David R. Goodnight, Maren Roxanne Norton, Stoel Rives, Seattle, WA, for Plaintiff.

David Shea, Shea Law Firm PLLC, Southfield, MI, Jason E. Anderson, Seattle, WA, for Defendant.

**ORDER ON DEFENDANT'S MOTION TO MODIFY CASE SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE**

MARSHA J. PECHMAN, District Judge.

This matter comes before the Court on Defendant's "Motion to Modify Case Scheduling Order to Extend Discovery Deadline." (Dkt. No. 34.) Having reviewed the materials submitted by the parties and the balance of the record, the Court GRANTS Defendant's motion in part. The Court will extend the discovery deadline to *September 14, 2007.* To ensure that discovery is completed before summary judgment motions are due, the Court will also extend the dispositive motions deadline from September 11, 2007 to *September 20, 2007.* However, the Court does not expect Plaintiff to appear for 11 depositions as requested by Defendant. The parties should meet and confer to set a reasonable discovery schedule for the next two weeks. The Court will also require Defendant to pay the attorney's fees and costs incurred by Plaintiff in responding to this motion. The reasons for the Court's order are set forth below.

**Discussion**

On January 5, 2007, the Court issued a case scheduling order which set a discovery deadline of August 13, 2007. This order was sent through the Court's electronic filing system to Defendant's local counsel Jason Anderson. However, Defendant's lead counsel David Shea did not receive an electronic copy of this order. Earlier in the day on January 5, 2007, Mr. Shea had been admitted to participate in this case on a pro hac vice basis and had not yet registered for the Court's electronic filing system. Under these circumstances, Court staff should have mailed Mr. Shea a hard copy of the case

scheduling order, but it appears they did not do so.

Mr. Anderson did not forward a copy of the case scheduling order to Mr. Shea because he assumed Mr. Shea had received it through the Court's electronic filing system. In turn, Mr. Shea apparently assumed that the discovery deadline in this case was August 31, 2007 because that was the discovery cut-off proposed by the parties in a joint status report filed on December 22, 2006.

On August 13, 2007, Mr. Shea sent a letter to Plaintiff's counsel requesting 11 depositions. According to Plaintiff, this was the first request for deposition dates by Defendant. Mr. Shea asserts that he did not learn the discovery deadline was August 13th until he received a voice-mail from Plaintiff's counsel later that evening advising him of that fact.[1]

On August 15, 2007, Defendant filed this motion to extend the discovery cut-off to August 31, 2007. Defendant argues that there is good cause for an extension because Mr. Shea was not sent a case schedule by the Court. Defendant also contends that Plaintiff would not be prejudiced by such an extension. Plaintiff opposes the motion, arguing that Defendant has not offered good cause for an extension and has not been diligent in pursuing discovery. Plaintiff also asserts that it would be unreasonable for Defendant to conduct 11 depositions within such a compressed time frame and that Plaintiff would be prejudiced by any delay in this litigation.

The Court has little sympathy for Defendant's situation. The Court finds it baffling that Mr. Shea apparently never asked why he had not received a case schedule or why he was not receiving electronic filings in this case.[2] And while the Court takes Mr. Shea at his word that he honestly believed the discovery cut-off was August 31st, Mr. Shea does not explain why he failed to request deposition dates in this case before August 13, 2007. It was patently unreasonable for Mr. Shea to request 11 depositions only 18 days before his presumed discovery deadline of August 31st.

■ Nonetheless, it appears that Court staff did not mail Mr. Shea a hard copy of the case schedule issued on January 5, 2007. In light of this omission, the Court finds good cause for a short extension of the discovery deadline. Therefore, the Court will extend the discovery cut-off to *September 14, 2007.* No further extensions of the discovery cut-off will be granted. To ensure that discovery is completed before summary judgment motions are due, the Court will also extend the dispositive motions deadline to *September 20, 2007.*

The parties are advised that the Court does not expect Plaintiff's counsel to appear for 11 depositions in the next two weeks. The parties should confer as soon as possible to discuss how many depositions can reasonably and realistically be completed in the next two weeks. This conference must be conducted over the telephone or face-to-face, rather than through exchanges of letters or electronic mail messages. The Court expects the parties will be reasonable in their expectations and will make every effort to resolve this issue without the Court's involvement. However, if the parties are unable to agree on this matter after conferring in good faith, they may request a telephone conference with the Court.

■ Finally, the Court finds that Defendant should be required to reimburse Plaintiff for the reasonable attorney's fees it incurred in responding to this motion. Although the Court is granting Defendant's motion due to the failure of Court staff to

---

**1.** The Court notes that Plaintiff's counsel had previously sent Mr. Shea a letter on May 22, 2007, which stated that the discovery cut-off was August 18, 2007. *See* Dkt. No. 40, Ex. C. Although Plaintiff's counsel misstated the discovery cut-off by five days, this letter should have at least caused Mr. Shea to question his belief that the discovery cut-off was August 31, 2007.

**2.** The Chief Judge of this District issued a Revised General Order on April 1, 2004 that requires attorneys appearing pro hac vice to register for electronic filing within ten days after their notice of appearance. Court records indicate that Mr. Shea was mailed a registration form for the electronic filing system on January 5, 2007. However, Mr. Shea failed to register for the Court's electronic filing system until August 2007.

mail Mr. Shea a copy of the case schedule, Mr. Shea easily could have avoided this motion if he had made a simple inquiry to the Court or his local counsel regarding the case schedule. Mr. Shea had little basis to assume that the discovery cut-off was August 31st based solely on the fact that the parties had requested that date in their joint status report. In any case, if Mr. Shea had carefully read Plaintiff's counsel's letter of May 22, 2007, he should have known that the discovery cut-off was not August 31st. (Dkt. No. 40, Ex. C.) Given these circumstances, the Court will require Defendant to pay the reasonable attorney's fees expended by Plaintiff in responding to this avoidable motion. Unless the parties can stipulate to the amount of fees reasonably incurred, Plaintiff is directed to file a properly-supported fee request within *30 days* of the date of this order.